# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 59

Richard Richardson III,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

## No. 20220291

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jason M. McCarthy, Judge.

AFFIRMED.

Per Curiam.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant.

Andrew C. Eyre, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee.

# Richardson v. State
## No. 20220291

**Per Curiam.**

[¶1] Richard Richardson appeals from an order denying his application for post-conviction relief. In 2020, Richardson was found guilty of reckless endangerment. Richardson appealed the conviction, arguing the evidence was insufficient and that he acted in self-defense. We affirmed the conviction. *State v. Richardson*, 2020 ND 246, ¶ 1, 950 N.W.2d 761. Richardson then petitioned for post-conviction relief alleging ineffective assistance of counsel. Richardson argued he received ineffective assistance of counsel because a witness who would have corroborated his self-defense claim did not show up for trial despite being subpoenaed. The district court found Richardson failed to show his attorney's performance fell below an objective standard of reasonableness. The court further found Richardson failed to establish he was prejudiced by his attorney's conduct because he did not show a reasonable probability that the results of the case would have been different had the witness testified.

[¶2] We conclude the district court's findings regarding the second prong, whether counsel's representation caused prejudice, are not clearly erroneous. Courts need not address both prongs of the *Strickland* test if the matter can be resolved by addressing only one prong. *Rencountre v. State*, 2015 ND 62, ¶ 7, 860 N.W.2d 837 (citing *Osier v. State*, 2014 ND 41, ¶ 11, 843 N.W.2d 277). The court did not clearly err in denying Richardson's application for post-conviction relief, and we summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶3]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

1